**Motion Granted; Dismissed and Memorandum Opinion filed March 28, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01096-CV

---

### DWAIN CAMPBELL, Appellant

### V.

### CARRIAGE PLACE APARTMENTS, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1016454**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment signed December 10, 2012, awarding damages for breach of a residential lease. Appellant, who is *pro se,* filed an affidavit of indigence on December 7, 2012. *See* Tex. R. App. P. 20.1(c). The Harris County Clerk filed a timely contest to appellant's affidavit. *See* Tex. R. App. P. 20.1(e). The trial court granted the County's request for an extension of time to conduct a hearing on the contest until December 18, 2012. *See* Tex. R.

App. P. 20.1(i)(3). Appellant had the burden to prove his affidavit's allegations. *See* Tex. R. App. P. 20.1(g)(1). Finding appellant did not meet his burden of proof, on December 18, 2012, the trial court signed an order sustaining the contest and requiring appellant to pay the costs of this appeal. *See* Tex. R. App. P. 20.1(i)(4). On December 19, 2012, a partial clerk's record related to the denial of appellant's claim of indigence was filed. *See* Tex. R. App. P. 20.1(j)(3).

On December 28, 2012, this court notified appellant that the appellate filing fee of $175.00 was past due. No response was filed. On January 29, 2013, the court issued an order requiring appellant to pay the filing fee on or before February 11, 2013. In response to a notice from the court reporter who reported the trial that appellant had not made payment arrangements for preparation of the record, on February 7, 2013, this court notified appellant that he was required to pay for preparation of the record and provide proof of payment by February 22, 2013.

On February 11, 2013, appellant filed a "Motion for Waiver of Filling Fee's [*sic*] and Request for Extension of Time." On February 13, 2013, appellee filed a response to appellant's motion and a motion to dismiss the appeal. Appellee complains that the record is past due and appellant has failed to request and pay for the reporter's record or pay the filing fee. The Harris County Clerk's office also confirmed that appellant had not paid for preparation of the record, and this court again notified appellant that the appeal was subject to dismissal. Appellee argues that the appeal should be dismissed because appellant has been provided several opportunities to cure these omissions and he has failed to do so.

Texas Rule of Appellate Procedure 20.1(j) provides that a party claiming indigence may seek review of the trial court's order sustaining a contest to his affidavit of indigence by filing a motion challenging the order with the appellate court within 10 days after the order sustaining the contest is signed or within 10

2

days after the notice of appeal is filed, whichever is later. *See* Tex. R. App. P. 20.1(j)(1), (2). Appellant's notice of appeal was filed December 7, 2012, and the order sustaining the contest was signed December 18, 2012. Accordingly, appellant was required to seek review of the trial court's ruling on or before December 28, 2012. Appellant did not file any motion or other request in this court until February 11, 2013, when he filed the motion to waive fees. By order filed February 28, 2013, we denied the motion, ruling that even if we construed appellant's motion as a request to review the trial court's order sustaining the contest, the motion was untimely. *See Mata v. Wells Fargo Bank, NA,* No. 14-12-00517-CV, 2012 WL 3686220 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, no pet.) (mem. op.). Moreover, appellant presented no argument or authority for reversal of the trial court's ruling.

We held appellee's motion to dismiss the appeal in abeyance while granting appellant a final opportunity to cure these omissions. We ordered appellant to pay the appellate filing fee of $175.00 and to provide proof of payment for preparation of the clerk's record on or before March 15, 2013. In the order, the court advised appellant that failure to comply would result in dismissal of the appeal. *See* Tex. R. App. P. 42.3.

The appellate filing fee has not been paid, and the clerk's record has not been filed in this court. Appellant has not provided proof of payment for the record or otherwise responded to this court's February 28, 2013 order.

Therefore, we grant appellee's motion to dismiss and order the appeal dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.